IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) BONNIE NICOLE LUTHER,<br>　　　　　Plaintiff,<br><br>v.<br><br>2) OKLAHOMA DEPARTMENT OF<br>HUMAN SERVICES, et al.,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-25-317-J |

FILED
APR 01 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____, DEPUTY

**OBJECTION TO REPORT AND RECOMMENDATION IN THE** DENIAL OF IN
**FORMA PAUPERIS APPLICATION**

COMES NOW the Plaintiff, Bonnie Nicole Luther, and respectfully submits this Objection to the Magistrate Judge's Report and Recommendation dated March 31, 2025 (Doc. 8), recommending denial of Plaintiff's Application and Amended Application to Proceed Without Prepayment of Fees or Costs (Docs. 2, 7). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), Plaintiff hereby objects and requests that the Court grant her request to proceed in forma pauperis ("IFP").

### I.    INTRODUCTION AND LEGAL STANDARD

A district court may authorize the commencement of a civil action without prepayment of fees where the applicant demonstrates inability to pay such fees. See 28 U.S.C. § 1915(a)(1); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). In forma pauperis status is to be granted to ensure meaningful access to the courts for indigent litigants.

### II.    GROUNDS FOR OBJECTION

#### A. Plaintiff Lacks Financial Capacity to Pay the Filing Fee

Plaintiff acknowledges that she and her husband maintain a joint bank account; however, all funds deposited into that account are used exclusively for essential household utilities and

subsistence expenses for Plaintiff, her husband, and three dependents. Plaintiff has no income of her own, receives no public benefits, and lacks any control over discretionary household finances. The mere existence of a joint account does not equate to access to disposable income. See *Cabrera v. Comm'r of Internal Revenue*, 104 Fed. Appx. 342, 343 (5th Cir. 2004) (noting joint account access is not determinative without control or benefit).

Her husband covers the family's mortgage and bills, but Plaintiff attests that she is unable to access funds for personal expenses, let alone for court costs. The U.S. Supreme Court has emphasized that indigency under § 1915 must be judged based on the applicant's actual financial resources, not presumed access to others' income. *Adkins*, 335 U.S. at 339.

B. <u>Plaintiff's Joint Property Status Does Not Reflect Disposable Wealth</u>

The Magistrate Judge relied, in part, on Plaintiff's joint ownership of the home at 2 Hillcrest Drive. Plaintiff respectfully clarifies that while her name appears on the deed, she receives no financial benefit from the property and does not have equity she can access or liquidate. The home is a primary residence and not a liquid asset for the purposes of evaluating indigency. Courts routinely recognize that ownership of non-income-producing property essential for housing does not disqualify an IFP applicant. See *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983).

C. <u>Plaintiff Submitted Information in Good Faith</u>

Plaintiff completed the original and amended IFP applications in good faith. She did not intend to omit material information, but responded based on her actual knowledge and access. She respectfully asks the Court to consider the economic realities of her situation, and not deny access to court merely due to technical issues or lack of complete documentation.

## III. IMPORTANCE OF THE LEGAL CLAIMS AT ISSUE

Plaintiff further respectfully notes that the underlying claims in this action raise serious allegations involving civil rights violations and constitutional protections under federal law. Plaintiff seeks redress for governmental actions that she believes infringed upon her rights under the United States Constitution. These matters are of substantial public concern and fall within the core purpose of 28 U.S.C. § 1915, which is to ensure that indigent litigants are not deprived of access to the courts solely due to inability to pay.

Denying in forma pauperis status under these circumstances would unjustly bar Plaintiff from pursuing legal accountability for these alleged violations. Courts have consistently recognized that access to the courts must remain open, particularly in cases involving alleged governmental abuse, discrimination, or constitutional harm. See *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948).

## IV. IMPORTANCE OF THE UNDERLYING CLAIMS

This case raises substantial allegations of civil rights and constitutional violations against state actors, including claims arising under the First, Fourth, and Fourteenth Amendments. Plaintiff is pursuing this action in good faith to vindicate fundamental rights protected under the U.S. Constitution. Denying IFP status would effectively bar Plaintiff from asserting those rights due to poverty alone, contrary to the principles underlying 28 U.S.C. § 1915.

As the Supreme Court recognized in *Neitzke v. Williams*, 490 U.S. 319 (1989), the IFP statute was designed to "ensure that indigent persons have equal access to the judicial system regardless of their financial status." That principle is especially vital where the alleged misconduct involves governmental abuse, discrimination, or deprivation of due process. Plaintiff

respectfully urges the Court to consider the importance of the issues at stake and the severe prejudice that would result from dismissal based on inability to pay a $405 filing fee.

## V. CONCLUSION

For the reasons above, Plaintiff respectfully requests that this Court reject the Report and Recommendation (Doc. 8) and grant her Application and Amended Application to Proceed Without Prepayment of Fees or Costs under 28 U.S.C. § 1915(a)(1). Denial would impose an unjust barrier to Plaintiff's right to pursue redress for alleged civil rights violations.

Respectfully submitted,

_____  4/01/25
Bonnie Nicole Luther,
Petitioner Sui Juris
2 Hillcrest Drive
Chickasha, OK 73018
405-892-3367
nic12980@gmail.com