UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BONNIE NICOLE LUTHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-317-J |
| ) | |
| OKLAHOMA DEPARTMENT OF ) | |
| HUMAN SERVICES, ET AL., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Bonnie Nicole Luther, a non-prisoner proceeding pro se, filed this civil rights action and an application to proceed in forma pauperis (IFP) on March 13, 2025. [Doc. No. 1]; [Doc. No. 2].[1] The Court referred the matter to United States Magistrate Judge Chris M. Stephens consistent with 28 U.S.C. § 636. [Doc. No. 4]. After affording Plaintiff an opportunity to cure deficiencies in her initial IFP application, Judge Stephens issued a Report and Recommendation recommending that the Court deny Plaintiff's amended IFP application and dismiss her action without prejudice unless she pays the full filing fee within 21 days of any order adopting the Report and Recommendation. *See* (R. & R.) [Doc. No. 8] at 5. Plaintiff timely objected to the Report and Recommendation. (Obj.) [Doc. No. 9].

The Court "applies de novo review to those findings on which Plaintiff specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. 5:20-CV-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

---

[1] All page citations refer to the Court's CM/ECF pagination.

**I.      Report and Recommendation**

Upon review, Judge Stephens noted that Plaintiff reported a disability, no personal income, and monthly expenses totaling $2,400. R. & R. at 2. Plaintiff further represented that her husband covered her and her three dependents' monthly expenses, controlled all property[2] and bank accounts, and that she had "no independent access to them." *Id.* at 3.

Nonetheless, Judge Stephens found Plaintiff failed to show indigency. *Id.* at 3-4. He reasoned that, even if Plaintiff herself could not pay the filing fee, her husband's ability to support a household of five and own a home demonstrated financial resources inconsistent with a claim of indigency. *Id.* Additionally, Judge Stephens recommended denying IFP status because Plaintiff failed to cure the deficiencies in her initial IFP application, including omitting her husband's income, the amount she received from him, and the value of assets jointly held in her name. *Id.* at 4.

**II.      Analysis**

In her objection, Plaintiff claims that Judge Stephens erred in: (1) considering her husband's income; (2) considering her joint ownership of property; and (3) recommending denial of IFP status solely for failure to cure. Obj. at 1-3.[3]

---

[2] Despite Plaintiff's claim that she does not hold any property, Judge Stephens found via public record that Plaintiff jointly owned her home with her husband. R. & R. at 4.

[3] Plaintiff also argues that Judge Stephens erred in denying her IFP status because her underlying claims contain "serious allegations involving civil rights violations." Obj. at 4. However, courts may only consider economic factors when determining IFP status. *See McCone v. Holiday Inn Convention Center*, 797 F.2d 853, 854 (10th Cir. 1986) (finding that "[i]f a finding of economic justification is made, the court should allow the complaint to be docketed without prepayment of fees" and then address the merits).

First, while Plaintiff now admits that she shares a joint bank account with her husband, she insists that she lacks actual access to the joint account. *Id.* at 2. Citing Cabrera v. Comm'r of Internal Revenue, 104 F. App'x 342, 343 (5th Cir. 2004), Plaintiff claims that without actual access, the joint account should not be considered in her IFP application. *Id.* But *Cabrera* does not appear to exist,[4] and courts may, in fact, consider the "income and assets of close family members . . . [when] determ[ining] . . . indigency under 28 U.S.C. § 1915." *Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1155 (D. Kan. 2001) (collecting cases); *see also Burch v. Comm'r of Social Sec. Admin.*, No. 5:23-CV-878-STE, 2023 WL 8852831, at *1 (W.D. Okla. Oct. 17, 2023) (R&R), adopted, 2023 WL 8852816 (W.D. Okla. Nov. 7, 2023) (denying IFP after considering the income of plaintiff's spouse).

Second, Plaintiff admits to joint ownership of her home but argues that her property produces no income and, therefore, should not be considered in the IFP analysis. Obj. at 2. But courts regularly consider property assets—regardless of whether they generate income—when determining indigency. *See Bey v. Kelly*, No. 2:21-CV-2367-KHV, 2021 WL 4033278, at *1 (D. Kan. Aug. 24, 2021) (finding "plaintiff's . . . ownership in real property" significant in its IFP decision); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (holding that courts may consider an IFP applicants' assets); *Zhu*, 148 F. Supp. 2d at 1155 ("[C]ourts have found that the . . . assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915.").

---

[4] The Court has serious reason to believe that Plaintiff used artificial intelligence tools to assist in drafting her objection. While the use of such tools is not prohibited, artificial intelligence often cites to legal authorities, like *Cabrera*, that do not exist. Continuing to cite to non-existent cases will result in sanctions up to and including dismissal.

3

Lastly, the Court finds that Plaintiff's failure to cure, standing alone, warrants denial of IFP status. *See Lister*, 408 F.3d at 1313 ("We conclude that the district court did not abuse its discretion in denying IFP status after [plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information."). Plaintiff's vague assertions that she applied for IFP in "good faith" do not alter that conclusion.

### III. Conclusion

For the reasons above the Court ADOPTS the Report and Recommendation [Doc. No. 8], and orders Plaintiff to pay the $405.00 filing fee within 21 days of this Order, or June 13, 2025. Plaintiff is advised that her failure to timely pay the filing fee will result in the dismissal of this action without prejudice.[5]

IT IS SO ORDERED this 23rd day of May, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[5] On March 13, 2025, and April 29, 2025, Plaintiff moved to expedite proceedings. [Doc. No. 3]; [Doc. No. 10]. The Court denies the motions.